IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LESLIE OLDSON, Jr., #10520-073,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-02223-NJR |
| | ) |
| **U.S.A.,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Leslie Oldson, Jr., an inmate in the custody of the Federal Bureau of Prisons ("BOP") who is incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the BOP's calculation of his sentence for an escape conviction in *United States v. Oldson*, No. 5:17-CR-50007-JLV-1 (D.S.D. 2017). (Docs. 8, 8-1). According to the Amended Petition, Oldson should have received credit for time he served in a tribal jail prior to his conviction—from the date he was taken into custody on the federal warrant for his escape attempt (January 4, 2017) until he entered the BOP (October 26, 2017). He was only given credit, however, for some of this time (August 23, 2017 until October 25, 2017). Oldson claims that his correct release date is January 24, 2019. He asks this Court to recalculate his sentence and release him from custody.[1] *Id*.

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition

---

[1] On July 2, 2018, Oldson also filed a Motion to Vacate, Set Aside, or Correct Sentence in the United States District Court for the District of South Dakota–Western Division. The Section 2255 Motion addresses a different claim for ineffective assistance of counsel.

and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

A petition filed pursuant to 28 U.S.C. § 2241 by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Section 2241 can be used to challenge the computation of a federal inmate's sentence by the BOP in the district of confinement. *See Taylor v. Lariva*, 638 F. App'x 539, 541 (7th Cir. 2016) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). *See also Romandine v. United States*, 205 F.3d 731, 736 (7th Cir. 2000). Petitioner challenges the BOP's computation of his federal sentence, which he is currently serving at a facility located in this federal judicial district. His claim is thus cognizable under Section 2241 and warrants further consideration. Without commenting on the merits, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

The Court notes, however, that Oldson has named the United States of America as the Respondent in this action. In a habeas corpus proceeding, the proper respondent is the prisoner's custodian, which is the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Tom Werlich is the Warden of FCI-Greenville. The Clerk shall therefore be directed to terminate the U.S.A. and add Tom Werlich as the respondent.

**Given the claim that Petitioner's correct release date should be January 24, 2019, an expedited response period will be prescribed.**

Accordingly, the Clerk is **DIRECTED** to **TERMINATE** the **U.S.A.** and **ADD** Warden **TOM WERLICH** as the Respondent. In any future documents filed in this case, Respondent Tom Werlich

shall be named in placed of the U.S.A as Respondent.

**IT IS HEREBY ORDERED** that Respondent Werlich shall answer the Petition or otherwise plead within **14 days** of the date this Order is entered (**on or before February 1, 2019**).[2] This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  January 18, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.